IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KERMICK B. TRAMMELL, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | Civ. Action No. 12-014-RGA |
| | : | Court of Chancery of the State of Delaware |
| GEORGE K. TRAMMELL, III, | : | No. 6551-VC |
| Respondent. | : | |

## MEMORANDUM

On January 5, 2012, Respondent George K. Trammell, III ("Respondent"), filed a Notice of Removal from the Court of Chancery of the State of Delaware. (D.I. 2.) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the Court determines that it lacks subject matter jurisdiction and will summarily remand the case to the Court of Chancery.

Respondent provided a July 12, 2010 letter/order from the Supreme Court of Delaware in *Trammel v. Trammell*, No. 213, 2010, a February 9, 2010 Court of Chancery's Master's Final Report, and a Petition for Partition filed in the Court of Chancery on June 8, 2011, *Trammel v. Trammel*, Case No. 6551-VC. (D.I. 2, exs. A, U.) The civil cover sheet indicates that Respondent seeks removal of *Trammel v. Trammel*, Case No. 6551-VC, a case that revolves around a petition to partition real property the parties inherited from their father. Respondent previously removed the same case to this court in Civ. No. 11-793-RGA. It was remanded to the Court of Chancery on November 28, 2011. (*Id.* at D.I. 8.) Similar to his first attempt at removal, the second attempt is improper.

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* Respondent invokes 28 U.S.C. § 1443(1) in the Notice of Removal.

Removal of matters is permitted in limited instances under 28 U.S.C. § 1443. A state court defendant who seeks removal under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

Respondent refers generally to discrimination and a racist court in his Notice of Removal. He must also show, however, that he cannot enforce his asserted rights in State court. *See State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966); *New Jersey v. Thomas*, 344 F. App'x 727 (3d Cir. 2009) (not published). It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending State proceedings, civil or criminal." *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975).

Respondent does not point to any Delaware law that might preclude him from enforcing federal rights. He does not assert that this is an unusual case wherein

2

Delaware laws will operate to deny him federal rights. Instead the Notice of Removal refers to, in the most conclusory manner, discrimination and a racist court. There is no allegation that he cannot appeal the decisions of the Court of Chancery, and, indeed, Respondent has previously exercised his right of appeal in the State courts, albeit unsuccessfully. For the above reasons, the Court finds that Respondent has failed to satisfy the two-part test to show that removal is appropriate pursuant to 28 U.S.C. § 1443(1).

Finally, the underlying State case is a Petition to Partition real property. No federal civil rights are implicated by the underlying State case between him and his brother, and, therefore, this Court lacks subject matter jurisdiction over the State case.

Removal is not appropriate under 28 U.S.C. § 1443(1), and this Court lacks subject matter jurisdiction over the State action. This Court will summarily remand the case to the Court of Chancery of the State of Delaware pursuant to 28 U.S.C. § 1447(c). Respondent is placed on notice that the Court may enjoin him from filing future duplicative attempts at removal of the same underlying State case.

An appropriate Order will issue.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE

January 23, 2012
Wilmington, Delaware

3