IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERMICK B. TRAMMELL, | : |
| Petitioner, | : |
| v. | : Civ. Action No. 12-014-RGA |
| GEORGE K. TRAMMELL, III, | : |
| Respondent. | : |

## MEMORANDUM

Respondent George K. Trammell, III, filed a Notice of Removal from the Court of Chancery of the State of Delaware on January 5, 2012. (D. I. 2.) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. On January 23, 2012, the Court summarily remanded the matter to the Court of Chancery of the State of Delaware. (D.I. 5, 6.) Now before the Court is Respondent's Motion for Immediate Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(4). For the reasons discussed below, the Court will deny the Motion.

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522,527 (3d Cir. 1960), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). In addition, Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards,*

LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial." Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002).

Rule 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Under Rule 60(b) (4), "'[a] judgment is not void' . . . 'simply because it is or may have been erroneous.'" United Student Aid Funds, Inc. v. Espinosa, __U.S.__ , 130 S.Ct. 1367, 1377 (2010) (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (citations omitted).

The relief Respondent seeks is not available under either Rule 60(b)(3) or Rule 60(b)(4). Neither Rule is intended to permit relitigation of the merits of the case, which is Respondent's obvious intent. With regard to Rule 60(b)(3), Respondent has failed to come forth with clear and convincing evidence of misconduct by the opposing parties. Moreover, there is no indication that removal was unfairly obtained. With regard to Rule 60(b)(4), Respondent's assignment of legal error, without more, does not justify the granting of relief. It is evident that Respondent disagrees with the Court's ruling. Regardless, this is an insufficient basis for granting the relief he seeks.

For the above reasons, Respondent's Motion is denied. (D.I. 9.)

An appropriate Order will issue.

*[signature]*
UNITED STATES DISTRICT JUDGE

April 10, 2012
Wilmington, Delaware

2